# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CARMELA COOK, Individually and as Personal Representative of <br><br>(2) THE ESTATE OF ALICE MAY LINDSEY, <br><br>    Plaintiff, <br><br>v. <br><br>(1) UNITED STATES OF AMERICA Ex rel. <br><br>(2) THE DEPARTMENT of HEALTH and HUMAN SERVICES, <br><br>(3) INDIAN HEALTH SERVICES, <br><br>(4) OKEMAH INDIAN COMMUNITY HOSPITAL a/k/a CREEK NATION COMMUNITY HOSPITAL, <br><br>    Defendant. | CASE NO: 15-cv-79-CVE-FHM <br><br>JURY TRIAL DEMANDED <br><br>ATTORNEY'S LIEN CLAIMED |

## COMPLAINT

COMES NOW, the Plaintiff, by and through her attorney of record, Gregory G. Meier, of the Meier Law Firm, L.L.C., d/b/a, Meier & Associates, and for her cause of action against the Defendant shows the Court as follows:

## JURISDICTION

This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1346(b)(1) as this action is an action for money damages resulting from the death caused by wrongful or negligent acts and/or omissions of government employees, employed by the Okemah Indian Community Hospital, a/k/a, Creek Nation Community Hospital, while acting within the scope of their employment.

## VENUE

Venue is proper in this District under 28 U.S.C. § 1402(b), as Decedent's residence before death was located within the Northern District of Oklahoma. Additionally, Plaintiff, the Personal Representative of the Decedent's estate, resides within the Northern District of Oklahoma.

## PARTIES

1. Decedent, Alice May Lindsey (Hereinafter, the "Decedent"), was a resident of Bristow, Oklahoma, located in Creek County, Oklahoma, within the jurisdictional boundaries of the Northern District of Oklahoma.

2. Plaintiff, Carmela Cook (Hereinafter, the "Plaintiff"), is the Personal Representative of the Decedent's estate. Plaintiff resides in Tulsa, Oklahoma, located in Tulsa County, Oklahoma, within the jurisdictional boundaries of the Northern District of Oklahoma.

3. Defendant, United States of America (Hereinafter, the Defendant"), acting by and through its agency, Department of Health and Human Services (Hereinafter, "DHHS") provides medical care and treatment to its patients at its facility, Okemah Indian Community Hospital, a/k/a Creek Nation Community Hospital (Hereinafter, the "Hospital"), in Okemah, Oklahoma.

## CONDITIONS PRECEDENT

Plaintiff timely presented this claim in writing to the Office of General Counsel, U.S. Department of Health and Human Services, 330 Independence Avenue, SW., Room 4760, Mailstop: Capital Place, Washington D.C. 20201, on February 14, 2014. Acknowledgment of Receipt was made by the DHHS in their letter to Plaintiff dated March 27, 2014. Over six (6) months have passed from the aforementioned date of acknowledgment and Plaintiff has not

received a "final disposition of [the] claim" from the DHHS. As such, Plaintiff brings this action seeking relief in the United States District Court for the Northern District of Oklahoma having satisfied all requirements under 28 U.S.C. § 2675 and 28 U.S.C. § 2401(b).

## FACTS

1. On or about September of 2008, Decedent was initially seen by the Okemah Indian Community Hospital. Presenting with complications to her throat, i.e. trouble swallowing and hoarseness in her throat.

2. Over the next four (4) plus years the Hospital performed testing, including repeated CT scans of Decedent's chest, thyroid sonograms and blood work. The results of said testing continually showed an enlargement of the left lobe of the thyroid, as well as a steadily expanding nodule on the right lung. However, no action was taken during this stage of treatment to biopsy or surgically remove the enlarged thyroid or the expanding lung nodule.

3. Decedent was initially diagnosed and treated for hyperthyroidism and goiter, a misdiagnosis that her medical issues were non-cancerous.

4. As Decedent's previously described medical condition worsened, Decedent was evaluated by Dr. Charles M. Strnad, of the Tulsa Cancer Institute, and Dr. Christian Hanson, of the Oklahoma Heart Institute; biopsies were performed showing signs consistent with metastatic thyroid cancer.

5. On July 12, 2012, Decedent was admitted for neck exploration surgery, performed by Dr. Roger A. Siemens, at St. Francis Hospital, Tulsa, OK. Due to extent of erosion to the left side of the thyroid, Dr. Siemens was unable to remove the entire thyroid gland.

6. Decedent died May 8, 2013, of metastatic thyroid cancer.

7. At all relevant times, Decedent had a right to expect competent medical treatment from the medical personnel of the Hospital.

8. The Hospital and its personnel failed to conform to the applicable standard of care in the diagnosis and treatment of the Decedent and were negligent as follows:

    a. Failure to diagnose metastatic thyroid cancer.

    b. Failure to recommend and perform a biopsy to pinpoint the aforementioned condition.

    c. Failure to surgically remove cancerous material in the thyroid gland before erosion made this impossible.

9. The actions of the United States and its personnel constitute a breach of the standard of care.

10. The failure of the Hospital and its personnel to conform to the standard of care, resulting in a misdiagnosis as non-cancerous hyperthyroidism, deprived Decedent of a significant chance of recovery or extended life and was a direct and proximate cause of Decedent's death.

## FEDERAL TORT CLAIMS ACT

Under the laws of the State of Oklahoma, a private person or business would be liable to Plaintiff for wrongful death due to the wrongful or negligent acts and/or omissions complained of herein; namely, the Defendant failing to conduct necessary, standard and readily available testing to discover cancerous cells in Decedent's body resulting in a misdiagnosis as non-cancerous hyperthyroidism. Under 28 U.S.C. § 2674, the United States is liable to Plaintiff for her damages resulting from the aforementioned wrongful acts and/or omissions.

## DAMAGES

As a direct and proximate result of Defendant's wrongful or negligent acts and/or omissions, Plaintiff suffered the following injuries and damages:

1. Mental pain and anguish suffered by the Decedent.
2. Physical pain and anguish suffered by the Decedent
3. Loss of earnings.
4. Loss of earning capacity.
5. Grief and loss of companionship of the children of Decedent.
6. Medical expenses.
7. Burial expenses.

## PRAYER

For these reasons, Plaintiff asks for judgment against the Defendant for the following:

1. Actual damages in excess of $75,000.00.
2. Costs of suit.
3. Pre-judgment and post-judgment interest.
4. All other relief the Court deems appropriate.

**WHEREFORE**, Plaintiff prays that it be granted judgment against Defendant in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) and such other relief as this Court may deem fair, just and equitable.

        THE ESTATE OF ALICE MAY LINDSEY
        PLAINTIFF


By:   s/ Gregory G. Meier
Gregory G. Meier, OBA # 6122
MEIER & ASSOCIATES
1524 South Denver Avenue
Tulsa, Oklahoma 74119
(918) 584-1212 – Voice
(918) 584-1295 – Fax
ATTORNEY FOR PLAINTIFF